UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARK GRIGSBY, ET AL                          CIVIL ACTION NO. 12-cv-0776

VERSUS                                        JUDGE STAGG

KANSAS CITY SOUTHERN RAILWAY                  MAGISTRATE JUDGE HORNSBY
CO., ET AL

MEMORANDUM RULING

**Introduction**

Before the court is Plaintiffs' **Motion to Remand (Doc. 15)**. For the reasons that follow, the Motion to Remand will be granted.

**Background Facts**

Mark Grigsby ("Plaintiff") was a conductor for Kansas City Southern Railway Company ("KCS") when the train on which he was working collided with a truck owned by defendant Keen Transport, Inc. ("Keen"). The truck was driven by Keen's employee, defendant Timothy West ("West") and was insured by defendant Zurich American Insurance Company ("Zurich"). (Keen, West, and Zurich are referred to collectively as the "Keen Defendants.") Plaintiff (and his spouse) filed suit in state court in Caddo Parish against KCS and the Keen Defendants seeking damages for personal injuries.

KCS removed the case to this court based on diversity jurisdiction. The Notice of Removal was filed only by KCS and was signed only by counsel for KCS. The Keen Defendants did not join in the notice. However, the Notice of Removal states: "Consent has

been requested and obtained from Michael J. Remondet, Jr., counsel for all defendants other than KCSR in this matter, including: Timothy D. West, Keen Transport, Inc., and Zurich American Insurance Company." Notice, para. 14.

**The Motion to Remand**

Plaintiff makes two separate arguments in support of his Motion to Remand: (1) Plaintiff's claims under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, are not removable based on diversity of citizenship; and (2) KCS's Notice of Removal was defective because KCS failed to file with the court written consent to the removal by the Keen Defendants. The case must be remanded based on the lack of proper consent to removal by all defendants. Accordingly, it is not necessary to address the parties' arguments regarding the removability of Plaintiff's FELA claims.

**Law and Analysis**

The rule of unanimity, which has long been the law in the Fifth Circuit, requires that all then-served defendants join in a notice of removal or timely file a written consent to the removal. Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1263 (5th Cir. 1988); Farias v. Bexar County Board of Trustees, 925 F.2d 866, 871 (5th Cir. 1991); Killen v. Atlantic Paper and Foil, 2007 WL 4299990 (W.D. La. 2007).

The Fifth Circuit has explained that while only consent to removal is required, "a defendant must do so itself." Getty Oil, 841 F.2d at 1262 n.11. The Court continued: "This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or

entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." Id. "Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant." Id.

INA, the removing defendant in Getty Oil, made an allegation, similar to KCS's allegation in this case, that NL did not oppose and consented to the removal. The Fifth Circuit held that was inadequate because "it does not allege that NL has authorized INA to formally (or otherwise) represent to the court on behalf of NL that NL has consented to the removal." Id.

KCS argues that it did, in fact, get consent to the removal. KCS states that the Keen Defendants orally contacted counsel for KCS and requested the removal via telephone. KCS also argues that the Keen Defendants consented to removal via email. Further, KCS argues that the Keen Defendants confirmed their prior consent by filing formal pleadings in the matter after removal, including an answer and a corporate disclosure statement. KCS cites a district court case from Maryland which holds that a removal is effective if the removing defendant expressly states that counsel for the removing defendant has obtained concurrence to the removal from the other defendants whose consent to removal was required. Mayo v. Board of Education of Prince George's County, 797 F. Supp. 2d 685, 688 (D. Md. 2011).

The Keen Defendants argue that other circuits have not adopted the harsh rule established in Getty Oil. They also argue that, in recently amending 28 U.S.C. § 1446, Congress statutorily added the requirement that all defendants join in or consent to removal, and in doing so, Congress adopted the last-served defendant rule. They argue that Congress

did *not* include a requirement that the consent be written, express, or filed with the court by each separate defendant. The Keen Defendants also argue that the court "must presume that Congress intended to change the law and should not read additional words or modifiers into the statute."

None of the Defendants' arguments in opposition to the Motion to Remand is persuasive. Oral consents and email exchanges do not satisfy the requirement that a defendant must timely file evidence of its consent. Mumfrey v. Anco Insulations, Inc., 2011 WL 1527180 (E.D. La. 2011) ("Emails as proof of consent have not been accepted in other cases as sufficient notice."). Instead, the "dispositive factor" is what the court did *not* receive from the non-removing party – a timely filed written indication from the non-removing defendant "itself" on which the court could "bind the allegedly consenting defendant." Spoon v. Fannin County, 794 F.Supp.2d 703, 706-707 (E.D. Tex. 2011)(quoting Getty Oil). KCS did not make any timely allegations that the Keen Defendants had authorized KCS to formally or otherwise represent to the court that the Keen Defendants had consented to removal, and there is nothing in the Notice of Removal that would serve as a basis for binding the Keen Defendants to any statement in the notice.

KCS's related argument that the other Defendants properly evidenced their consent by filing an answer and a corporate disclosure statement is also unpersuasive. The mere filing of an answer does not constitute an expression of consent. Sneed v. Woodbine Production Corp., 2008 WL 4610236 (W.D. La. 2008)(Stagg, J.); Granderson v. Interstate Realty Mgt., 2006 WL 3422359 (S.D. Miss. 2006). The filing of responsive pleadings may

be no more than a careful lawyer's decision to avoid the risk of default, and the filing of a corporate disclosure statement is required by local rule.

The 2011 amendments to the removal statutes do not change the result. The Federal Courts Jurisdiction and Clarification Act of 2011 codified the "rule of unanimity" followed in the Fifth Circuit, but it said nothing about how a party's consent must be evidenced. Contrary to the Keen Defendants' arguments, when Congress enacts laws, it is presumed to be aware of all pertinent judgments and opinions of the judicial branch. Garrett v. Circuit City, 449 F.3d 672, 677 (5th Cir. 2006). Nothing in the 2011 Act indicates that Congress addressed this particular issue, so the court will continue to follow Fifth Circuit jurisprudence on the issue.

Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008). District courts have no power to overlook procedural errors related to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice. Spoon v. Fannin County, 794 F.Supp.2d 703 (E.D. Tex. 2011)(citing cases). Here, the Keen Defendants failed to join in KCS's Notice of Removal, and they failed to timely file their written consent to removal. Therefore, KCS's Notice of Removal was defective, and remand is required. Garner v. Hyken, 2011 WL 1002098 (E.D. La. 2011); Rhyne v. Mager, 2012 WL 1123753 (W.D. La. 2012).

**Conclusion**

Subject to the stay set forth in the accompanying order, the Motion to Remand is **granted**, and this matter is remanded to the First Judicial District Court, Caddo Parish, Louisiana, where it was pending as Civil Action #557407B. Plaintiff's related request for expenses and attorney's fees is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of August, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE